UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MORROBEL CANELO, B.D.,  :
       Plaintiff,  :
  v.  :
       :  CA 06-147 T
STATE OF RHODE ISLAND, et al.,  :
       Defendants.  :

**MEMORANDUM AND ORDER**
**DENYING MOTION TO APPOINT COUNSEL**

Before the Court is Plaintiff's Motion to Appoint Counsel (Document ("Doc.") #4) (the "Motion") in the instant civil rights action. Plaintiff states that he is currently incarcerated at the Adult Correctional Institutions ("A.C.I."), that he is indigent and cannot afford to retain private counsel, that he is presently proceeding without the benefit of counsel, and that 18 U.S.C. § 3006A(2)(B)[1] provides for the appointment of counsel in such circumstances. See Motion at 1.

There is no constitutional right to appointed counsel in a civil case. Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003); see also DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991)("There is no absolute constitutional right to a free lawyer in a civil case."). Plaintiff must demonstrate

---

[1] Section 3006A(2)(B) allows the court, in the interests of justice, to appoint counsel for any financially eligible person who "is seeking relief under section 2241, 2254, or 2255 of title 28," 18 U.S.C. § 3006A(2)(B). Plaintiff is seeking relief pursuant to 42 U.S.C. § 1983. See Complaint (Document ("Doc.") #1) ¶ 1 ("This is a civil rights action pursuant to 42 USCA 1983."). Therefore, § 3006A(2)(B) does not apply to this action. However, the Court, in its discretion, may request an attorney to represent a person who is unable to afford counsel in proceedings in forma pauperis. See 28 U.S.C. 1915(e)(1); see also Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996); DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991). The court has granted Plaintiff's request to proceed in forma pauperis in the instant matter. See Amended Order Granting Application to Proceed in Forma Pauperis (Doc. #5) at 1.

that he is indigent and that exceptional circumstances warrant the appointment of counsel. See DesRosiers v. Moran, 949 F.2d at 23 (noting that plaintiff "must demonstrate that he was indigent and that exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on his due process rights"); accord Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996)("Court appointed counsel is warranted only in exceptional circumstances ....")(internal quotation marks omitted). "[W]hether such circumstances exist is ... committed to district court discretion." Steele v. Shah, 87 F.3d at 1271; see also DesRosiers v. Moran, 949 F.2d at 24 (noting trial court's "broad discretion"). "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia,[2] on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers v. Moran, 949 F.2d at 24; see also Manisy v. Maloney, 283 F.Supp.2d 307, 317 (D. Mass 2003)(quoting DesRosiers v. Moran).

Although Plaintiff has made the required showing that he is indigent, see Amended Order Granting Application to Proceed in Forma Pauperis (Doc. #5) at 1, he has not demonstrated that "there are exceptional circumstances sufficient to warrant the appointment of counsel ...," DesRosiers v. Moran, 949 F.2d at 2. Indeed, he has made no statements whatsoever pertaining to exceptional circumstances which would justify the appointment of counsel in this civil action. However, in deference to Plaintiff's pro se status, see Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)(noting that pro se complaint is held to less stringent standard than formal

---

[2] "Inter alia" means "[a]mong other things." Black's Law Dictionary 815 (7th ed. 1999).

pleadings drafted by lawyers), the Court will address the above factors.

In his Complaint (Doc. #1), Plaintiff alleges that Defendants' actions during and subsequent to a March, 2003,[3] arrest violated his rights under the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. See Complaint at 2-6. The basis for his First and Sixth Amendment claims is unclear. Therefore, the court is unable to evaluate the likelihood of Plaintiff's success on the merits of these claims. As for his Eighth Amendment claim, the Court finds that the legal and factual issues arising out of Plaintiff's claims for assault and battery, excessive force, negligent infliction of emotional distress, and deliberate indifference to his medical needs are not so arcane as to be beyond a layman's comprehension. See DesRosiers v. Moran, 949 F.2d at 24 (concluding that a combination of readily mastered facts and straightforward law "strongly suggests that appointed counsel should be denied in a civil case"). Plaintiff appears able to represent himself. His Complaint is relatively clear. It contains an introduction, includes a statement of the basis for this court's jurisdiction, identifies the parties, provides a lengthy recitation of the facts, and specifies the relief sought. See Complaint at 1-7; see also Fed. R. Civ. P. 8(a).[4]

---

[3] It appears from the Complaint that the events which resulted in Plaintiff's arrest occurred on the night of March 21-22, 2003. See Complaint at 2-4.

[4] The Federal Rules of Civil Procedure provide that:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to

3

Based on the foregoing, the Court concludes that Plaintiff has not demonstrated that exceptional circumstances warrant the appointment of counsel in the instant matter. Accordingly, Plaintiff's Motion to Appoint Counsel is DENIED.

So ordered.

| ENTER: | BY ORDER: |
|---|---|
| /s/ David L. Martin | /s/ Martha Saucier |
| DAVID L. MARTIN<br>United States Magistrate Judge<br>May 9, 2006 | Deputy Clerk |

---

relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a).